UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BRADY, | No. C 05-4270 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| GEORGE LAYMAN, Commissioner; et al., | |
| Respondents. | |

    Mark Brady has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the revocation of his parole. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

    Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Brady has not done so; nor has he presented any exceptional circumstances to excuse his doing so. See id.

    Brady's petition shows that he has not filed a petition for review or a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court has not been given

a fair opportunity to rule on the merits of his claims concerning his parole revocation. Brady must file a state habeas petition (or a petition for review, if it is not too late) and give the California Supreme Court a fair opportunity to rule on the merits of all his claims before presenting his claims in a federal habeas petition.

For the foregoing reasons, the petition is DISMISSED without prejudice to Brady filing a new habeas action after available state judicial remedies are exhausted. The dismissal also is without prejudice to Brady filing a motion for relief in <u>Valdivia v. Schwarzenegger</u>, E. D. Cal. No. Civ. S-94-0671 LKK\GGH if he believes there has been a violation of an order in that action. In light of the dismissal of this action for failure to exhaust, Brady's motion to treat the petition as an emergency situation is DENIED. (Docket # 7.)

The <u>in forma pauperis</u> application is DENIED. (Docket # 2.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 2, 2005

_____
SUSAN ILLSTON
United States District Judge

2